**UNITED STATES of America, Plaintiff/Respondent,**

v.

**Gregory Allen TRUE, Defendant/Petitioner.**

**CRIM No. 98–60 MJD. CIV No. 01–32 MJD.**

United States District Court, D. Minnesota.

March 30, 2001.

David J. MacLaughlin, Assistant United States Attorney for the Government.

Sandra L. Babcock, Babcock Law Office, Mpls, MN Deborah Kay Ellis, Ellis Law Office, St. Paul, MN, for Petitioner.

DAVIS, District Judge.

The Petitioner was convicted in this court on October 29, 1998 on six drug related offenses, and thereafter sentenced to 168 months in prison. The Eighth Circuit Court of Appeals affirmed his conviction on June 11, 1999. *See, United States v. True,* 179 F.3d 1087 (8th Cir.1999). The Petitioner then petitioned the United States Supreme Court for a writ of certiorari. The petition for certiorari was denied on November 1, 1999. *See, True v. United States,* 528 U.S. 976, 120 S.Ct. 424, 145 L.Ed.2d 332 (1999). The Petitioner filed a motion for a rehearing on the petition for certiorari on November 24, 1999. This petition was denied on January 10, 2000. The underlying habeas petition was thereafter filed on January 8, 2001.

Petitioner seeks to set aside his conviction and sentence because the Government withheld exculpatory evidence, presented false testimony and engaged in illegal sentencing entrapment. Petitioner also alleges that he has discovered new evidence that supports his defense of entrapment. Rather than respond to the merits of the petition, the Government moves the Court to dismiss the petition on the basis that it is untimely.

28 U.S.C. § 2255 provides in relevant part that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner argues that his § 2255 motion is timely because it was filed within one year from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(4). Petitioner asserts that the evidence upon which his petition is based was not discovered until December 2000, when an investigator hired by his counsel interviewed John Baker, the informer that testified at his trial. In his affidavit, Mr. Baker states that in August 1995, a package containing marijuana was sent to his home. Affidavit ¶ 3. Officers, including Officer Brad Erickson, went to his home, and

threatened to prosecute him and his mother if he did not cooperate with the police. *Id.* For the next two years, he made controlled buys for Erickson. *Id.* ¶ 4. Sometime in 1997, Erickson approached Baker with a list of names that included Petitioner's. *Id.* ¶ 5. He told Erickson that he recognized Petitioner's name from prison. *Id.* Erickson told Baker that he wanted Baker to set up Petitioner for a future arrest. *Id.* Prior to that time, Baker states he never purchased drugs from Petitioner. *Id.* ¶ 6. Erickson told Baker that the more methamphetamine he purchased from Petitioner, the greater the payoff would be. *Id.*

Petitioner asserts that at trial, Erickson testified that Petitioner was first brought to his attention through Baker, and that Baker was not promised leniency of any kind. Rather, he testified that Baker agreed to work with law enforcement for money. Erickson also testified at trial that Baker had been involved in drug transactions with Petitioner prior to the controlled buys.

Given the alleged threats made to Baker by Erickson, Petitioner argues that he had no control over Baker's testimony at trial. Petitioner asserts that his claims of false evidence and withholding of exculpatory evidence lay in the hands of the Government's witnesses, and that without legal representation, he was not able to track down Baker for an interview. When Baker was finally interviewed, Petitioner filed his petition within one month.

The Court finds that based on the above, the petition is timely pursuant to 28 U.S.C. § 2255(4).

Accordingly, the Government's Motion to Dismiss is DENIED.